**In re AUTO–PAK, INC., Debtor,**

**Bryan S. ROSS, Trustee, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

Civ. A. No. 86–2280.
Bankruptcy No. 84–00170.
Adv. No. 84–0202.

United States District Court, District of Columbia.

April 7, 1987.

Byron S. Ross, Trustee, Earl H. Dougle, Jr., Washington, D.C., for plaintiff.

Edward J. Snyder, Robert L. Gordon, Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

SPORKIN, District Judge.

This is an appeal from an order of the United States Bankruptcy Court for the District of Columbia. 28 U.S.C. § 158. The Bankruptcy Court, pursuant to the fraudulent transfer provision of the Bankruptcy Code, 11 U.S.C. § 548, allowed the trustee to avoid a payment made to the Internal Revenue Service; the Court therefore ordered the IRS to pay $4,215.36 to the trustee, plus interest at eight percent from the date of the transfer. The Code specifically allows the trustee to recover fraudulently transferred property from "the initial transferee of such transfer or the entity for whose benefit such transfer was made ..." 11 U.S.C. § 550(a)(1). The United States appeals claiming that it was not an "initial transferee" as that term is defined by 11 U.S.C. § 550(a)(1). Rather, the IRS argues, it took for value, in good faith, and without knowledge of the voidability of the transfer, and therefore should be protected from a suit by the trustee. 11 U.S.C. § 550(a)(2). I agree with the IRS and find that the transaction cannot be voided by the trustee. Accordingly, I reverse the decision of the Bankruptcy Court and enter judgment for the appellant.[1]

### I. Facts

Richard DeFranco was the owner of both the debtor, Auto-Pak, Inc. and of a second company, Stern Chemical, Inc. On March 8, 1984, DeFranco took a check for four thousand two hundred and fifteen dollars and thirty-six cents ($4,215.36), payable to the Internal Revenue Service and drawn on Auto-Pak's account, to the Riggs National Bank. He gave the check to a cashier at Riggs, who then drew a Cashier's Check (No. 693260) for the same amount made payable to the Internal Revenue Service. DeFranco wrote on the Cashier's Check "Re: STERN CHEMICAL 8309 PERIOD" and sent the check off to the IRS. There was no reference on the check (or otherwise) that indicated the source of the funds was Auto-Pak.

The Service negotiated the check in Philadelphia on March 16, 1984, and used it to satisfy the quarterly payroll withholding obligations of Stern Chemical for the third quarter of 1983. Two weeks later, on March 30, 1984, Auto-Pak filed a voluntary petition for relief in accordance with Chapter 7, Title 11 of the United States Code.

On August 22, 1984, the trustee brought this action seeking to set aside the transfer of Auto-Pak funds to the IRS as a voidable transfer under 11 U.S.C. § 548. Summary judgment was granted by the Bankruptcy

---

1. Appellant raises two other issues, both involving the government's sovereign immunity. *First,* it claims that the United States government has not waived its sovereign immunity to be sued under 11 U.S.C. § 548; *second,* it claims that if the government is found liable, no interest is assessable against the United States because no statute waives the sovereign immunity of the United States to permit imposition of interest. I note that the government did *not* raise these issues in its initial briefs before the Bankruptcy Court. Nonetheless, because I find that the government is insulated from liability in this case due to the mediating transferee, I need not consider the question of whether a judgment could be maintained against it.

Court for the trustee on May 12, 1986, at which time the United States was ordered to pay $4,215.36 to the trustee, plus interest at eight percent (8%) from the date of the transfer. A motion to reconsider was denied by the Bankruptcy Court on July 21, 1986 and appeal was taken to this Court.

## II. Voidable Transfers

Section 548(a) of the Bankruptcy Code governs the avoidability of fraudulent transfers. It states, in pertinent part, that "The trustee may avoid any transfer of an interest of the debtor in property ... that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily ... (2)(A) received less than a reasonably equivalent value in exchange for such transfer ... and (B)(i) was insolvent on the date that such transfer was made ... or became insolvent as a result of such transfer." 11 U.S.C. § 548(a).

Section 550 then outlines from whom the trustee may recover. Section 550(a)(1) provides that "... the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee."

11 U.S.C. § 550(a)(1). However, this Section is balanced by Section 550(b) which protects unknowing transferees by providing that "The trustee may *not* recover under section (a)(2) of this section from—

(1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided ..."

11 U.S.C. § 550(b) (emphasis supplied).

The crux of this case concerns whether the IRS should be held liable under § 550(a)(1) or protected under § 550(b). In its opinion of July 11, 1986, the Bankruptcy Court concluded that the Internal Revenue Service was the initial transferee under Section 550(a)(1). *In re: Auto-Pak, Inc.,*

Case No. 84–00170, Adversary Proceeding No. 84–0202 (July 11, 1986) at 1–2. I disagree with this finding.

There is no dispute that the check in question was written on Auto-Pak's account and made payable to the Internal Revenue Service. Had the check been sent directly to the Service and negotiated as such, the trustee might have a sound argument. But that is not what happened here. Rather, Auto-Pak's president, DeFranco, had the check (payable to the IRS) issued to him; he then took the check to Riggs Bank and had it transformed into a cashier's check payable to the Internal Revenue Service. Had the check been sent in that form, the IRS would have had no way of knowing to whose account the check should have been credited. DeFranco therefore wrote on the cashier's check "RE: STERN CHEMICAL 8309 PERIOD." In so doing, DeFranco essentially took control of the funds underlying the cashier's check and negotiated them on behalf of Stern Chemical and to the benefit of the Internal Revenue Service. He thereby created at least one mediate transferee—himself or Stern Chemical—and insulated the IRS from the fraudulent conveyance.

The IRS received an otherwise anonymous cashier's check with the single notation concerning Stern Chemical on it. The IRS had absolutely no way of knowing that the funds supporting the cashier's check had been drawn on Auto-Pak's account. (Indeed, because Auto-Pak maintained no account with the IRS, nor had an Federal Employee Identification Number, the IRS had absolutely no way of knowing that such a company even existed.)

It would defy logic to hold an innocent and mediate party such as the IRS a party to this alleged fraudulent conveyance; in fact, the IRS satisfies all of the necessary prerequisites for protection under Section 550(b). The Service took for value (that is, Stern Chemical's payroll tax debt), in good faith, and without any knowledge of the voidability of the transfer. It therefore cannot be held liable to the trustee for this transfer. Rather, the trustee should have proceeded against the immediate trans-

feree, Richard DeFranco or Stern Chemical.

### III.  Conclusion

Because the IRS took for value, in good faith, and without any knowledge of the voidability of the transfer, 11 U.S.C. § 550(b), and was not an immediate transferee as that term is defined by § 550(a)(1) of the Bankruptcy Code, the trustee cannot recover monies paid to the Service by the debtor.  Thus, the decision of the Bankruptcy Court must be reversed and judgment entered for the appellant United States.  An appropriate order accompanies this memorandum.

### ORDER

For the reasons stated in the Memorandum dated April 7, 1987, it is hereby

ORDERED that the judgment of the United States Bankruptcy Court entered against the Internal Revenue Service in the sum of four thousand two hundred and fifteen dollars and thirty-six cents ($4,215.36) plus interest on May 12, 1986, be reversed and vacated and further

ORDERED that the trustee's claim against the Internal Revenue Service be denied and dismissed and that final judgment be entered for the United States.